NO. 07-07-0476-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 16, 2009
_____

BENNY L. COLE, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415,498; HON. JIM BOB DARNELL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Benny L. Cole, Jr. (appellant) appeals his conviction for murder and asserts that the trial court erred in excluding evidence concerning the victim's propensity towards violence. That evidence encompassed proof that the victim had twice been arrested for domestic violence, had been convicted of aggravated robbery, and purportedly had gang tattoos on his body. Because of the court's supposed error, appellant was allegedly prevented from

presenting a defense in violation of the United States Constitution. We disagree, overrule the issues and affirm the judgment.

That appellant stabbed his victim is undisputed. However, the act was purportedly justified under the theory of self-defense, according to appellant. And, in effort to prove that it was, appellant sought to present evidence of the victim's propensity towards violence. That way he could show that the victim was the first aggressor and that he (appellant) was simply acting to protect himself. Moreover, appellant sought to use the aforementioned evidence for that purpose. Yet, the evidence relating to the domestic violence charges and gang tattoos was excluded. While this is true, the jury was allowed to hear that the victim had been convicted of aggravated robbery. So too did the jury have evidence before it describing how the decedent attacked appellant while the latter slept, and how he kicked, hit, and threatened appellant with further violence during that episode. Also before the jury was evidence that the eventual decedent had a bad temper, the initial attack had ended when a third party *twice* tried to remove the decedent from appellant's bedroom and into the kitchen of the house, that appellant was told to leave, that appellant was leaving when the decedent again charged him, and that appellant then stabbed decedent.

The decedent having beaten appellant while he slept then chased him to the door as he tried to leave is certainly evidence establishing the decedent as the first aggressor. Indeed, the State conceded as much below. More importantly, no one disputed that the victim attacked appellant as he slept or that he chased appellant to the door as appellant tried to leave. Given this, the trial court may well have excluded the additional evidence because it had no relevance apart from its tendency to prove the victim's character

2

conformity. *See Reyna v. State*, 99 S.W.3d 344, 346-47 (Tex. App.–Fort Worth 2003, pet. ref'd) (stating that because a victim's unambiguous, violent or aggressive act needs no explaining, evidence of the victim's extraneous conduct admitted in conjunction with his unambiguous act would have no relevance apart from its tendency to show the victim's character conformity, and thus would be inadmissible). And, we cannot say that such a conclusion would have fallen outside the zone of reasonable disagreement. *See id.* at 346 (holding that the decision to admit or exclude evidence is erroneous if it evinces abused discretion and that its discretion is so abused when the decision falls outside the zone of reasonable disagreement).

In sum, appellant was not denied opportunity to present a defense. Nor did the trial court abuse its discretion in excluding the evidence in question. Consequently, we affirm the judgment of the trial court.

Per Curiam

Do not publish.